CULPEPPER, Judge.
This is a suit on a promissory note. Plaintiffs are the original holders and owners of the note in the principal sum of $7,500. The defendant, Robert Theriot, is the maker of the note. The note represents part of the $12,000 purchase price of a ladies dress shop, which plaintiffs sold to defendant. Defendant contends that payment of the note was conditioned on his being able to obtain a loan from the Small Business Administration (SBA). Since he was unable to obtain the loan, defendant contends he is not obligated to pay the note. The district judge rejected this defense and awarded judgment to plaintiffs for the full amount of the note. Defendant appealed.
The substantial issue is whether payment of the note was conditioned on defendant obtaining the SBA loan.
The general facts are that plaintiffs owned a ladies dress shop named “Mary-belle’s- Fashion Chateau”, which Mrs. • De-maio operated on leased premises. On March 12, 1975, Mrs. Demaio entered into an agency agreement with Financial Management Control, Inc., represented by one J. Daigle, to sell the business for $7,500, Daigle’s fee to be all sums received over this amount.
On March 25, 1975, Daigle, as agent for Mrs. Demaio, entered into a “Buy-Sell Agreement” whereby defendant agreed to purchase the business for $12,000. This agreement provided for a down payment of $500 and stated “Balance to be financed through a SBA participation loan applied for this date.” On the same date, defendant entered into an agreement with Gilbert Associates, also represented by Daigle, to secure an SBA loan not to exceed $18,000. Defendant paid Daigle $650 for his services in attempting to secure the loan.
On March 31, 1975, Mrs. Demaio and defendant and Mr. Daigle met in the office of an attorney to close the sale. The SBA loan had not come through. Plaintiff testified she had no prior knowledge that defendant had engaged Mr. Daigle to obtain the loan. She said that when she went to the closing she expected to be paid in cash *1145 the full amount of $7500. On being advised that defendant did not have the cash, but that he had applied for the loan, plaintiff agreed to take the note herein sued on in lieu of cash. Mrs. Demaio testified positively that she understood the sale was completed on March 31, 1975 and that neither the sale nor payment of the note were conditioned .on defendant’s being able to. obtain the SBA loan. She said she assumed that if the SBA loan did not come through, defendant would borrow the money through another source.
The defendant testified that Mr. Daigle assured him the SBA loan would come through in a few days and that, relying on this, he signed the note for $7,500, dated March 81, 1975 and payable in 60 days. At the same time, defendant signed a note payable to Daigle in the sum of $4,500, representing Daigle’s fee for selling the property.
Immediately after the written act of sale on March 31, 1975, defendant took possession of the business which included a stock of clothing and various items of equipment for the store. Also, defendant assumed payment of the monthly rentals of $350.
In about July of 1975, Daigle advised defendant that the Small Business Administration had refused to approve the loan. In October of 1975, defendant sold most of the stock of clothing for about $1,500 in order to pay the last three months rent and utilities. Despite repeated demands by plaintiffs for payment of the note, defendant has never either paid the note or offered to return what was left of the business assets.
Although, at defendant’s request, a subpoena was issued, for the appearance of Mr. Daigle as a witness, the sheriff was unable to locate him. Therefore, we do not have the benefit of Mr. Daigle’s testimony as to his understanding of the intent of the parties.
As stated above, the question is whether payment of the note was conditioned on defendant being able to obtain the SBA loan. The note itself is on a printed form and contains the usual “promise to pay to the order of” without any provision making payment contingent on defendant obtaining a loan. The note does not mention the loan.
Nevertheless, defendant argues that since the written act of sale states the sale was made “pursuant to the agreement of sale and purchase executed previously by vendors and vendee”, the “Buy-Sell Agreement” was made a part of the act of sales; and, since the “Buy-Sell Agreement” provides for payment of the balance of the purchase price through a SBA loan, the payment of the note was conditioned on defendant obtaining the loan. Defendant says he relied on Daigle’s statement that the loan was forthcoming and that since Daigle was plaintiff’s agent, plaintiff is bound by Daigle’s actions; and, furthermore, that plaintiff ratified Daigle’s actions and assurances by executing the act of sale.
LSA-R.S. 10:3-105(l)(c) provides in pertinent part that a promise to pay is not made conditional by the fact that the instrument “refers to or states that it arises out of a separate agreement.” And LSA-R.S. 10:3-105(2)(a) provides that a promise to pay is conditional if the instrument “states that it is subject to or governed by any other agreement.” In the present case, the note sued on does not even refer to the act of sale and, of course, the note does not state that it is subject to or governed by the sale. Thus, the note itself contains an unconditional promise to pay.
LSA-R.S. 10:3-119(1) provides in pertinent part:
“As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction
This provision of our new Commercial Law Act of 1974 is copied verbatim from the Uniform Commercial Code, Section 3-119(1). The Official Comment under this Section of the Uniform Commercial Code, 2 Uniform Law Annotated, (Master Edition 1968) 56, explains:
“3. The section applies to negotiable instruments the ordinary rule that writings *1146 executed as a part of the same transaction are to be read together as a single agreement. As between the immediate parties a negotiable instrument is merely a contract, and is no exception to the principle that the courts will look to the entire contract in writing. Accordingly a note may be affected by an acceleration clause, a clause, providing for discharge under certain conditions, or any other relevant term in the separate writing. ‘May be modified or affected’ does not mean that the separate agreement must necessarily be given effect. There is still room for construction of the writing as not intended to affect the instrument at all, or as intended to affect it only for a limited purpose such as foreclosure or other realization of collateral.”
The present case is between the immediate parties, and there is no question that the note was executed at the same time and as a part of the same transaction as the act of sale of the dress shop. Clearly, the act of sale may be considered in determining the intention of the parties as to whether payment of the note was conditioned on defendant obtaining an SBA loan. The act of sale itself does not mention an SBA loan, but it does state that the sale “is executed pursuant to the agreement of sale and purchase executed previously by vendor and vendee.” Under this provision of the act of sale, the “Buy-Sell Agreement” of March 25, 1975 may also be considered in determining the intention of the parties.
The “Buy-Sell Agreement” states the total price of $12,000, and that a down payment of $500 was made. Paragraph 3 states: “Balance to be financed through a SBA participation loan applied for this date.” Paragraph 6 states: “Seller to be paid immediately upon funding of the SBA loan applied for.” The Buy-Sell Agreement does not mention the possibility that a promissory note be given in case defendant did not obtain the SBA loan, nor does the agreement expressly condition the completion of the sale on defendant obtaining an SBA loan. In view of the ambiguities in the act of sale and the Buy-Sell Agreement, and in view of the fact that the sale was completed without defendant obtaining an SBA loan, we think that parol testimony was admissible, under the general rules of contracts, to show the intention of the parties.
After considering the entire transaction, including the Buy-Sell Agreement, the act of sale and the note, as well as the parol testimony of the parties concerning the transaction, we conclude defendant has failed in his burden of proving that payment of the note was conditioned on his obtaining an SBA loan. Since Daigle did not testify, it is largely a question of Mrs. Demaio’s testimony against that of defendant. The trial judge apparently found the testimony of Mrs. Demaio, to be more logical and more credible than that of defendant. The evidence amply supports this finding.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.